**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00128-FDW**

| | |
|---|---|
| DELTON MAYNOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DREW STANLEY, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner Delton Maynor's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

On May 26, 2009, Petitioner pled guilty in Buncombe County Superior Court to eight criminal counts, only two of which are relevant here. (Mem. in Support of Pet. 2, Doc. No. 2.) The two relevant counts were for obstruction of justice (N.C. Case No. 08CRS053963) and identify theft (N.C. Case No. 08CRS053964). Judgment for the other charges was consolidated under the obstruction of justice count, and the court imposed a 20-24 month active sentence for the obstruction of justice conviction and a consecutive 29 to 35 month sentence for the identity theft conviction. (Pet. 1, Doc. No. 1; Mem., supra, at 3.)

Petitioner did not file a direct appeal of these convictions or sentences. On December 7, 2011, Petitioner filed a motion for appropriate relief ("MAR") in Buncombe County Superior Court challenging his conviction and/or sentence for identity theft (N.C. Case No. 08CRS053964).[1] On January 27, 2012, Petitioner's MAR was denied. (Am. Order Den. MAR,

---
[1] Petitioner insists that he also challenged his convictions and/or sentences consolidated under case 08CRS053963

1

Pet.'r's Ex. 8, Doc. No.1-1.)[2]

On March 19, 2012, Petitioner filed a petition for writ of certiorari seeking review of the January 27, 2012 order denying his MAR. See State's Resp. to Aug. 22, 2012 Cert. Pet., State v. Maynor, COA No. P12-266, at 2 (N.C. Ct. App. filed Aug. 22, 2012), available at North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/. The North Carolina Court of Appeals dismissed the petition on April 10, 2012. See id.

Petitioner filed another MAR in the Buncombe County Superior Court on December 7, 2015. (Order Den. MAR, Pet'r's Ex. 11, Doc. No. 1-1.) This time Petitioner clearly challenged his 2009 convictions and/or sentences in cases 08CRS053963 and 08CRS053964, as well as a 2010 conviction and sentence (N.C. Case No. 08CRS53977). This MAR was denied on December 22, 2015. (Order Den. MAR, supra.) Petitioner's subsequent petition for writ of certiorari was denied by the North Carolina Court of Appeals on February 3, 2016. (Order Den. Cert. Pet., Pet'r's Ex. 12, Doc. No. 1-1.)

Thereafter, Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was dismissed on April 13, 2016. (Order Den. PDR, Pet'r's' Ex., Doc. No. 1-2.) He filed the instant federal habeas Petition on May 2, 2016, when he signed and placed it in the prison mail system. (Pet., supra, at 14.)

II. **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs

---

(obstruction of justice). Petitioner provides no evidence to support this assertion.
[2] The Order was amended on March 30, 2012, which did not change the outcome. (Am. Order Den. MAR, Pet.'r's Ex. 8, Doc. No.1-1.)

district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Absent any other information from Petitioner, it appears that his § 2254 habeas petition is untimely under § 2244(d)(1)(A). Judgment in both 08CRS053963 and 08CRS053964 was entered on May 26, 2009, when Petitioner was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Petitioner did not file a direct appeal; consequently, his conviction became final on or about June 9, 2009, when the time

3

for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about June 9, 2010.  Neither Petitioner's 2011 nor 2015 MAR resurrected or restarted the statute of limitations for either 08CRS053963 or 08CRS053964.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).  Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition appears to be time-barred.

Petitioner has not addressed the timeliness issue in his habeas petition.  Accordingly, the Court will provide Petitioner 20 days to explain why the instant § 2254 habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.  If Petitioner does not file such explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

Signed: September 7, 2016

Frank D. Whitney
Chief United States District Judge