| | | |
|---|---|---|
| **DELTON MAYNOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **DREW STANLEY,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner Delton Maynor's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner is a prisoner of the State of North Carolina who is challenging his 2009 convictions for identity theft and obstruction of justice and his sentence in a 2010 conviction.

After conducting an initial review of the Petition, attached exhibits (Doc. No. 1-1), and memorandum (Doc. No. 2), the Court notified Petitioner that the Petition appeared to be time-barred and provided him an opportunity to explain why it should not be dismissed as such. (Doc. No. 4.) Petitioner has filed a Response to the Court's Order (Doc. No. 5), and this matter is ripe for review.

## I.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under

28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss

a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and

the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

## III.   DISCUSSION

### A.  2010 Judgment

On March 10, 2010, a Buncombe County jury convicted Petitioner of assault with a

deadly weapon inflicting serious injury ("AWDWISI") (08CRS053977).  State v. Maynor, 713

S.E.2d 250, 2011 WL 1938392, at *2 (N.C. Ct. App. 2011).  Petitioner pled guilty to the

aggravating factor of committing the offense while on pretrial release for another charge.  Id.

Consequently, the trial court sentenced defendant in the aggravated range to a minimum term of

74 months to a maximum term of 98 months in prison.  Id.  The court ordered that the sentence

begin upon the expiration of all sentences Petitioner already was obligated to serve.  (AWDWISI

J. and Comm. 15, Pet'r's Ex. 6, Doc. No. 1-1.)

On May 9, 2013, Petitioner filed a pro se Petition for Writ of Habeas Corpus, 28 U.S.C. §

2254, in federal district court, challenging his 2010 judgment.  Pet., Maynor v. Perrett, 1:13-cv-

00130-RJC (W.D.N.C. filed May 9, 2013) (Doc. No. 1).  On March 13, 2014, the Court denied

and dismissed the Petition on the merits and granted summary judgment to Respondent.  Order,

1:13-cv-00130-RJC (Doc. No. 16).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides for an

express limitation on a petitioner's ability to attack his criminal judgment in a subsequent

collateral proceeding.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition attacking his 2010 state judgment.  Consequently, this Court does not have jurisdiction to consider Petitioner's current challenge to his 2010 judgment.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).  Therefore, to the extent Petitioner challenges his 2010 judgment in the instant Petition, his Petition must be dismissed as an unauthorized, successive petition.  See § 2244(b)(3)(A).

### B.  2009 Judgments

AEDPA provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  § 2244(d)(1)(A).[1]  The limitation period is tolled during the pendency of a properly filed state post-conviction action.  § 2244(d)(2).

On May 26, 2009, Petitioner pled guilty in Buncombe County Superior Court to obstruction of justice (N.C. Crim. Case No. 08CRS053963), identity theft (N.C. Crim. Case No. 08CRS053964), and a number of other charges.  (Obstruction J. & Comm. 1, Pet'r's Ex. 1;

---

[1] There are three alternative start dates for the statute of limitation, § 2244(d)(1)(B)-(D), none of which applies here.

Identity Theft J. and Comm. 4, Pet'r's Ex. 2, Doc. No. 1-1.)  The court imposed a 29 to 35 month

active sentence for the identity theft conviction and a consecutive 20-24 month active sentence

for the obstruction of justice conviction.  (Obstruction J. and Comm. 1, Pet'r's Ex. 1; Identity

Theft J. and Comm. 4, Pet'r's Ex. 2.)

To the extent Petitioner retained a right to a direct appeal subsequent to his guilty pleas,

he had 14 days after judgment was entered on May 26, 2009, to file the notice of appeal in the

North Carolina Court of Appeals.  See N.C. R. App. P. 4(a)(2).  Petitioner did not file a direct

appeal; therefore, his conviction in these two cases became final on or about June 9, 2009, when

the time for seeking direct review expired.  See § 2244(d)(1)(A).  The federal statute of

limitation then ran for 365 days until it fully expired on or about June 9, 2010.  See id.

Beginning on December 7, 2011, Petitioner has filed at least three motions for

appropriate relief in Buncombe County Superior Court challenging his identity theft and/or

obstruction of justice convictions.  (Resp. 3 ¶ 6, 4 ¶ 14, Doc. No. 5; Order Den. Dec. 7, 2015

MAR, Pet'r's Ex. 11, Doc. No. 1-1.)  All have been dismissed or denied, as have his numerous

petitions in the North Carolina appellate courts.  None of these post-conviction filings in the state

courts, all of which were made after the federal statute of limitation had expired, restarted the

statute of limitation for Petitioner's 2009 convictions.  See Minter v. Beck, 230 F.3d 663, 665–66

(4th Cir. 2000).  Therefore, absent equitable tolling, the instant § 2254 habeas Petition, filed on

May 6, 2016 (Doc. No. 1), is time-barred.

In his Response (Doc. No. 5) to the Court's Order notifying him that his Petition

appeared to be untimely, Petitioner does not make an argument for equitable tolling of the statute

of limitation. [2]  Instead, he contends that the Court used the wrong date to start the statute of limitation for his 2009 convictions.

While Petitioner was on pre-trial release in March 2008, awaiting prosecution for obstruction of justice and identity theft in case numbers 08CRS053963 and 08CRS053964, he committed the assault that led to his 2010 conviction for AWDWISI (08CRS53977). (Indictment 14, Pet'r's Ex. 6, Doc. No. 1-1.)  Because he was indicted for the aggravating factor of committing the assault while on pretrial release for another charge, presumably the obstruction of justice and/or identify theft charge, and the court sentenced him in the aggravated range because of it, Petitioner believes the statute of limitation did not be begin to run for his identity theft and obstruction of justice convictions until it began to run for his assault conviction, on or about January 4, 2012.[3]  Petitioner is incorrect.

North Carolina General Statute § 15A-1340.16(d)(12) provides that a trial court may impose an aggravated sentence upon a finding by a jury, or admission by the defendant, that the offense of conviction occurred while the defendant was on pretrial release on another charge. North Carolina law does not require that a defendant ultimately be convicted of the predicate offense for the aggravating factor to be valid.  See State v. Harris, 775 S.E.2d 31, 34 (N.C. Ct.

---

[2] Equitable tolling of the statute of limitation for a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

[3] Petitioner's direct appeal of his 2010 judgment was denied by the North Carolina Court of Appeals, as was his petition for discretionary review in the North Carolina Supreme Court, State v. Maynor, 718 S.E.2d 148 (N.C. Dec. 6, 2011) (Mem).  Petitioner's judgment of conviction became final on or about January 4, 2012, when the time for seeking discretionary review in the United States Supreme Court expired.  See Clay v. United States, 537 U.S. 522, 525 (2003).

App. 2015) (upholding constitutionality of pre-trial release aggravating factor "[a]lthough a defendant on pretrial release in an unrelated felony case has not been convicted of the felony and is presumed to be innocent of its commission," and despite "[w]hether . . . one in this position is in fact guilty") (quoting State v. Webb, 308 S.E.2d 252, 258 (N.C. 1983) (internal quotation marks omitted)). Thus, the validity of the aggravating factor relied upon by the sentencing court in Petitioner's 2010 case was not dependent upon whether Petitioner was convicted, or even guilty, of the crimes for which he was on pre-trial release when he committed the assault. Consequently, even if his 2009 convictions were to be vacated, such action would have no effect on the legitimacy of his 2010 sentence.

In short, there are no statutory or equitable grounds warranting tolling of the statute of limitation for Petitioner's 2009 convictions. Therefore, his Petition, as it relates to his 2009 judgments shall be dismissed as untimely. See § 2244(d)(1)(A).

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** for the reasons stated herein. **FURTHERMORE**, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 19, 2016

Frank D. Whitney
Chief United States District Judge